355 So.2d 477 (1978)
Tony WADDY, Appellant,
v.
STATE of Florida, Appellee.
No. EE-311.
District Court of Appeal of Florida, First District.
February 24, 1978.
Michael J. Minerva, Public Defender, Margaret Good, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
MILLS, Judge.
A jury convicted Waddy of a charge of aggravated child abuse occurring on 2 May 1976. He appeals contending the trial court committed numerous errors, among them being: application of the Williams Rule, admitting evidence adduced at a prior trial based on a charge of subsequent child abuse, admitting into evidence a transcript of a tape recorded statement made by him, failing to strike the testimony of witness Barnhill, denying his motion for a mistrial, allowing the State to exhibit the victim to the jury, and denying his motions for judgment of acquittal.
Evidence was adduced by the State at the trial that Waddy, who was living with the child's mother, committed a number of acts of battery on the child on 2 May. He hit her in the chest and stomach with his fist, he threw her on the couch several times, he threw her against the mobile home wall, he kicked her and he threw a lamp on her. As a result, the child was bruised and her lip was cut. Testimony was permitted of many other batteries which occurred prior to and subsequent to 2 May.
Waddy, the child and her mother left Marion County for Holmes County on 14 May to avoid investigation by the Department of Family Services. On 15 May, Waddy was arrested and charged with aggravated child abuse in Washington County. At his trial there, which took place before the *478 one in Marion County, the jury found Waddy guilty of the lesser included offense of simple assault.
While in jail in Washington County, a deputy there took a tape recorded statement from Waddy which was transcribed by an unidentified stenographer. There were numerous asterisks and underlings on the statement. The deputy stated that he placed the underlinings on the statement and had a stenographer correct those portions of the statement after transcription. Over Waddy's objection, the transcript of the statement was admitted into evidence and taken by the jury into the jury room during its deliberations. The deputy took photographs of the child while she was in the hospital in Holmes County on 15 May. Over Waddy's objection, they were received into evidence. The mother of the child used the child to point out to the jury where the child had bruises before leaving Marion County for Holmes County. Waddy's objection because the child had three unrelated scars on her face was overruled. The court instructed the jury to disregard the scars. Later during oral argument, the assistant state attorney commended upon the scars.
The testimony of witness Barnhill which was rambling and unresponsive was not relevant and the court should have granted Waddy's motion to strike. The witness' testimony concerning injury to another child's face had no relevancy or materiality to the crime charged. All it could do was to prejudice Waddy. He was not charged with child abuse as to this child.
The mother of the child abused was granted immunity in this case, as well as the Washington County case, in exchange for her testimony against Waddy. She testified that Waddy committed the batteries upon her child on 2 May and then was permitted to relate numerous other batteries which occurred both before and after 2 May for which Waddy was not charged. There were eyewitnesses to Waddy's acts. We fail to see the necessity of the similar fact evidence to prove an element of the crime charged, identity of Waddy or common scheme or plan. The similar fact evidence was irrelevant. As we view it, this evidence was introduced to show Waddy was of bad character and propensities. In Williams v. State, 110 So.2d 654 (Fla. 1959), our Supreme Court held that such evidence was inadmissible.
The court erred in allowing the transcription of Waddy's tape recorded statement into evidence and in permitting the jury to take it into the jury room during its deliberations. The best evidence was the tape recording. Duggan v. State, 189 So.2d 890 (Fla. 1st DCA 1966). If the transcript had been properly authenticated, which it was not, it could have been read to the jury. Grimes v. State, 244 So.2d 130 (Fla. 1971). But even then, it should not have been admitted into evidence nor should the jury have been permitted to take it into the jury room for use during its deliberations. Grimes, supra.
The court did not err in allowing the State to exhibit the victim to the jury. The mother was permitted to do no more than point out the bruises resulting from the alleged abuse occurring on 2 May. The child had three large scars on her face which were unrelated to the charge, however, the court instructed the jury to disregard the evidence of the scars. Although the assistant state attorney commented on the scars during his closing argument, Waddy did not object.
In view of the above holdings and the reversal of this case for a new trial, it is unnecessary for us to discuss the trial court's refusal to grant Waddy's motion for a mistrial and motions for judgment of acquittal. We have not discussed Waddy's contention that the court erred in admitting evidence adduced at the Washington County trial based on a charge of subsequent child abuse because the trial court did not have the benefit of the trial transcript of the Washington County proceedings nor do we. This matter can be properly urged and presented upon the retrial of this case.
Let the writer of this opinion say that to him child abuse is one of the most heinous *479 of crimes. But let the writer of this opinion also say that the most despicable wretch that walks the face of the earth is presumed innocent until proved guilty and is entitled to a fair trial.
The judgment and sentence are reversed and this case is remanded for a new trial.
McCORD, C.J., and BOYER, J., concur.