369 So.2d 687 (1979)
Andre Keith LANCASTER, Appellant,
v.
STATE of Florida, Appellee.
No. KK-73.
District Court of Appeal of Florida, First District.
April 19, 1979.
*688 Michael J. Minerva, Public Defender, and Janice G. Scott, Asst. Public Defender, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
ROBERT P. SMITH, Jr., Judge.
Lancaster appeals his conviction under Section 812.019, Florida Statutes (1977), pursuant to a plea of nolo contendere reserving the right to appeal the denial of his motion to dismiss the information on the ground that there were no material disputed facts and that the undisputed facts did not establish a prima facie case. Fla.R. Crim.P. 3.190(c)(4). Lancaster urges that he could not properly be convicted under Section 812.019 because the undisputed evidence, established by affidavit, lacked a prima facie showing that Lancaster, who was in possession of property he knew or should have known was stolen, intended to sell, transfer, distribute, dispense, or otherwise dispose of that property. Sections 812.012(7)(b), .019, Florida Statutes (1977). The state, on appeal, agrees with Lancaster's interpretation of the statute. We also agree.
Lancaster was charged pursuant to Section 812.019(1) which states:
Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
Section 812.012(7) defines "traffic" to mean:
(a) To sell, transfer, distribute, dispense, or otherwise dispose of property.
(b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.
The undisputed facts, as established for purposes of this decision, are that Lancaster purchased and received an engine which he knew or reasonably should have known was stolen, and placed the engine in his van. The trial court held that Section 812.019 applied to the conduct of buying property, knowing it to be stolen, and maintaining possession of it. The trial court also held that the defendant "disposed" of the engine, or evidenced an intention to "dispose" of it, by placing the engine in his van.
The offense proscribed by Section 812.019(1) is trafficking in stolen property. In Section 812.012(7)(b) the qualifying words "with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property," modify not only the word "use" but also the words "buy, receive, possess, [or] obtain control of". Therefore one does not "traffic" in stolen property merely by receiving it. Nor does one evidence an intent to "dispose" of stolen property merely by putting it in his vehicle. An intent to traffic in the stolen property, as by disposing of it by transfer to another, is essential. Contrast Section 812.014, Florida Statutes (1977).
The judgment is REVERSED and the information is DISMISSED.
MILLS, Acting C.J., and BOOTH, J., concur.