408 So.2d 224 (1981)
Charles Philip HUDSON, Appellant,
v.
STATE of Florida, Appellee.
Charles Philip HUDSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 79-2569, 79-2581.
District Court of Appeal of Florida, Fourth District.
May 6, 1981.
As Amended May 13, 1981.
Rehearing Denied June 11, 1981.
Rehearing Denied June 17, 1981.
Steadman S. Stahl, Jr., of Varon & Stahl, P.A., Hollywood, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ondina Felipe, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing Denied in No. 79-2581 June 11, 1981.
Rehearing Denied in No. 79-2569 June 17, 1981.
BERANEK, Judge.
This opinion disposes of separate appeals from two different Circuit Court criminal convictions. We affirm one conviction and reverse the other.
Defendant was charged in Broward County with violating Section 812.014(1)(a) and (2)(a), Florida Statutes (1977), by committing grand theft after trust. It was alleged that the defendant stole certain gemstones which were the property of John Asikas. After a jury trial, defendant was convicted and sentenced to two and one-half years for the crime of grand theft.
Defendant was also charged in Martin County with violating Section 812.019, Florida Statutes (1979), by dealing in stolen property. It was alleged that defendant exchanged or traded some of the same gemstones which he had previously stolen from *225 John Asikas for real estate in Martin County. After a non-jury trial, defendant was convicted of dealing in stolen property, under the "Florida Anti-Fencing Act" and sentenced to five years, three of which were to be served on probation. Defendant appeals both convictions.
There is conflict in the evidence as to the ownership of the stones at the time in question. The facts are generally that defendant entered into a formal partnership agreement with an individual named John Asikas. The purpose of the partnership was to trade valuable gemstones for personal and real property. It was agreed that all partnership property would be owned by the partners in equal shares as tenants in common. A safety deposit box was to be maintained for the safekeeping of partnership property and for the keeping of property belonging to Mr. Asikas alone. The written agreement, however, did not specify precisely what was to constitute partnership property. At some time prior to January 21, 1979, Mr. Asikas had gems valued in excess of $900,000 delivered to the defendant's home in Broward County. On that particular date, defendant reported to the police that the gems had been stolen from his home. An investigation began and defendant was traced through various advertisements in Broward County newspapers offering to trade gold and gems for real estate. Eventually, defendant was arrested in possession of some of the stolen gems and was also found to be involved in exchanging some of the same gems for real estate in Martin County.
Defendant was convicted of theft in Broward County and dealing in stolen property in Martin County.
Defendant raises three points in each appeal. In the Broward County case, defendant contends: (1) that the trial court erred in denying his motion to suppress evidence obtained at the time of his arrest; (2) that the court erred in denying his requested jury instructions on the issue of whether partnership property could be the subject of larceny by a partner; and (3) that the court erred in denying his motion for judgment of acquittal on the theory that a co-owner of the property cannot be found guilty of larceny of the property which he jointly owns with a partner. In the Martin County case, defendant argues: (1) that the court erred in denying his motion to suppress evidence seized at the time of arrest; (2) that the court erred in failing to direct a judgment of acquittal based upon the theory that a co-owner of property cannot be guilty of larceny of property which he jointly owns with his partner; and (3) that Section 812.025, Florida Statutes (1979), bars a conviction of both theft of property and dealing in the same stolen property.
We deal initially with defendant's second point in the Broward County case. The information alleged that the gems were owned by one John Asikas. Defendant contended that the gems had been transferred by Asikas to the partnership. According to Section 620.68(1), Florida Statutes (1979), a partner is a co-owner with his partners of specific partnership property. Under the defendant's theory of the case, as a co-owner of the gems, he could not be guilty of larceny of this property. See Hinkle v. State, 355 So.2d 465 (Fla.3d DCA 1978). Defendant submitted a requested jury instruction to this effect which was denied by the trial court over objection. A defendant is entitled to have the jury instructed on the law applicable to his theory of defense if there is evidence introduced to support the instruction. Laythe v. State, 330 So.2d 113 (Fla.3d DCA 1976). The State contends there was absolutely no evidence upon which the jury could have found the gems to have been partnership property. Our review of the testimony and evidence, particularly the cross-examination of Mr. Asikas, convinces us to the contrary. There was sufficient evidence that the property here belonged to the partnership to warrant the giving of a jury instruction on the effect of partnership property on the crime of larceny. Ownership of the property was a question of fact for the jury to decide and the instruction should have been given.
We conclude that defendant's first and third points raised in regard to the Broward *226 County conviction are without merit. There was probable cause for defendant's arrest and the motion to suppress was properly denied. A jury question existed as to the issue of ownership and a directed verdict for defendant would have been improper in this regard. The Broward County conviction for grand theft is thus reversed due to the failure of the trial court to properly instruct on the law as to partnership property.
The Martin County conviction presents the question of whether defendant can be convicted and sentenced for both theft of property and dealing in the same stolen property. The Anti-Fencing Act enacted in 1977 provides in relevant part as follows:
812.005 Short title.  Sections 812.012-812.037 shall be known as the Florida Anti-Fencing Act.
812.012 Definitions.  As used in ss. 812.012-812.037:
* * * * * *
(7) "Traffic" means:
(a) To sell, transfer, distribute, dispense, or otherwise dispose of property.
(b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.
* * * * * *
812.019 Dealing in stolen property. 
(1) Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
(2) Any person who initiates, organizes, plans, finances, directs, manages, or supervises the theft of property and traffics in such stolen property shall be guilty of a felony of the first degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
* * * * * *
812.025 Charging theft and dealing in stolen property.  Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
Defendant asserts he may not be convicted and sentenced for both larceny and dealing in the same stolen property. Section 812.019, Florida Statutes (1979), was enacted in 1977, simultaneously with the enactment of Section 812.025, Florida Statutes (1979). Since then, we have located only one case construing the dealing statute. In Coley v. State, 391 So.2d 725 (Fla. 1st DCA 1980), the First District dealt with an argument against convictions of both the offense of robbery and the offense of dealing in stolen property, the subject matter of both offenses being the same property. The court noted correctly as follows as to the offenses of larceny, dealing in stolen property and the prior common law offense of "receiving stolen property":
The "inconsistency" argument advanced by appellants stems from the rule, well established in Florida case law, that larceny (or theft) and receiving stolen property are inconsistent substantive offenses, so that one cannot at the same time commit both offenses as to the same property. Adams v. State, 60 Fla. 1, 53 So. 451 (1910); State v. Brooks, 348 So.2d 417 (Fla. 1st DCA 1977).
The reason for the rule, prohibiting conviction of both larceny and receiving or concealing the same stolen property, lies in the fact that the actions which constitute the taking or asportation of the property so far as the larceny is concerned are inseparable from those actions which constitute the receiving or concealment of the property. Thus, the receiving or concealment is considered not something that occurs subsequent to the larceny, but is in fact a part of it. See Adams v. State, supra.
However, we are dealing here with the statutory offense of "dealing" or "trafficking" in stolen property under Section *227 812.019, Florida Statutes, which differs from the old common law offense of "receiving stolen property." Padgett v. State, 378 So.2d 118 (Fla. 1st DCA 1980).
The offense of dealing in stolen property is committed not merely by possessing stolen property knowing the same to be stolen, which was essentially the former offense of "receiving stolen property." The offense of "dealing" in stolen property is committed by one who "traffics" in such property, the term "traffic" as defined in Section 812.012(7)(a) meaning "To sell, transfer, distribute, dispense or otherwise dispose of property" or, under subparagraph (7)(b), "To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property." We conclude, therefore, that the actions which constitute the offense of dealing in stolen property encompass the sale, distribution or transfer of the property, or the receiving, possessing or obtaining control of the property with the intent to sell, transfer or distribute it. These additional elements, furthermore, are separate and distinct from the essential elements of the crime of theft. Thus, absent the prohibition of the statute, Section 812.025, we can envision no reason why a person might not be the thief and also be guilty of dealing in the same stolen property.
We agree with the First District and, absent the prohibition of Section 812.025, we also can envision no reason why a person might not be the thief and also be guilty of dealing in the same stolen property. Apparently, the Legislature felt otherwise. Section 812.025, Florida Statutes (1979), ends with the very specific words that a guilty verdict may be returned "on one or the other, [theft or dealing] but not both, of the Counts."
Based upon the statute alone, we conclude that defendant here could not be properly convicted of both theft and of dealing in the same stolen property. It appears that the theft and the exchange of gems for real estate were all part of the same scheme or course of conduct by defendant herein. Section 812.025 as cited above prohibits a conviction of both crimes if charged in the same information and we can see no reason for indulging a different interpretation merely because defendant was here charged in separate informations.
By virtue of our prior reversal, the conviction in Broward County stands reversed and vacated. Other than the preceding statutory construction argument, we find no error in the Martin County trial. The motion to suppress was properly denied and a directed verdict of acquittal on the issue of partnership property was not required as a matter of law. We, therefore, affirm the Martin County conviction. We reverse the Broward County conviction and vacate the sentence. Although this reversal is based upon the absence of an appropriate jury instruction, there is no basis for retrying the defendant because his later conviction in Martin County of dealing in stolen property bars a conviction of theft of the same property.
As indicated by the First District Court of Appeal, we also are not quite certain as to why these two crimes may not be dealt with separately. It is perhaps the result of many years of experience with the crime of "receiving stolen property."[1] In any event, the defendant here stands convicted of dealing in stolen property and this conviction is affirmed.
AFFIRMED AS TO DEALING IN STOLEN PROPERTY CONVICTION; REVERSED AS TO GRAND THEFT CONVICTION.
HERSEY, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] We are also perplexed by other aspects of the Anti-Fencing Act. Does mere receipt of stolen property constitute the crime of "Dealing" under Section 812.019 absent the intent to sell, transfer or dispose of the property? Are Sections 812.019(2) and 812.025 inconsistent? How could a defendant be proved guilty of both theft and dealing under Section 812.019(2) if he could not be convicted of both under Section 812.025?