422 So.2d 1024 (1982)
Archie DANIELS and Michael Dunn, Appellants,
v.
STATE of Florida, Appellee.
No. AL-286.
District Court of Appeal of Florida, First District.
November 30, 1982.
Michael Allen, Public Defender, Tallahassee, and Brandt W. Davis, Asst. Public Defender, Apalachicola, for appellants.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Defendants appeal their judgments and sentences for dealing in stolen property. They contend that § 812.025, Fla. Stat. precludes them from being charged and tried in Franklin County for dealing in stolen property when they had been previously charged and convicted in Gulf County of grand theft involving the same property. We agree and reverse.
The defendants stole a television set in Gulf County, and sold it in Franklin County.[1] The defendants were charged in Franklin County with dealing in stolen property. They had been previously charged and convicted in Gulf County for grand theft involving the same television set which they sold in Franklin County. The state does not contest the fact that the offenses arose out of the same scheme and course of conduct. Defendants contend that pursuant to § 812.025 they cannot be convicted of both dealing in stolen property and of grand theft of the same property.
Section 812.025 provides:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts. (emphasis added).
Section 812.025 clearly prohibits a conviction of both crimes if charged in the same information and there is no reason for a different interpretation merely because the defendants here were charged in separate informations in separate counties. Hudson v. State, 408 So.2d 224 (Fla. 4th DCA 1981). There is no reason why a person cannot be convicted of theft of property and also be guilty of dealing in the same stolen property in the absence of the prohibition in *1025 § 812.025. See Coley v. State, 391 So.2d 725 (Fla. 1st DCA 1981). However, the legislature has seen fit to prohibit the conviction of both theft and of dealing in the same stolen property and it is the prerogative of the legislature and not this court to make any change.
The defendants' Franklin County convictions and sentences for dealing in stolen property are reversed.
ROBERT P. SMITH, Jr., C.J., and SHIVERS and THOMPSON, JJ., concur.
NOTES
[1] Although appellants in their brief say two television sets were involved and the state does not contest this fact, the record indicates only one television set was stolen and sold.