HOBSON, Acting Chief Judge.
William Edward McWhirter appeals a judgment and sentence for burglary of a dwelling, grand theft, and dealing in stolen *811 property. We affirm in part, reverse in part, and remand.
A review of the record reveals that the trial court orally imposed a five-year sentence for the burglary conviction, a one-year sentence for the grand theft conviction, to run consecutive to the sentence for the burglary conviction, and a six-year sentence for the dealing in stolen property conviction, to run concurrently with the consecutive sentences for the burglary and grand theft convictions. The court’s written judgment and sentence, however, specifies that appellant serve a five-year sentence for the burglary conviction, a two-year sentence for the grand theft conviction, and no sentence for the dealing in stolen property conviction. Appellant contends that we must remand to the trial court with directions that it correct the written order to reflect its oral pronouncement.
However, appellant also argues that the grand theft conviction must fall because it was based upon the same course of conduct that served as the foundation for the dealing in stolen property conviction. We agree that the grand theft conviction is invalid. Williams v. State, 404 So.2d 1165 (Fla.1981); Kelly v. State, 397 So.2d 709 (Fla. 5th DCA 1981); § 812.025, Fla.Stat. (1981).
Given our reversal of the grand theft conviction, if we remand with directions that the written order be corrected to reflect the oral pronouncement, appellant will serve six years (five years for the burglary conviction and six years for the dealing in stolen property conviction, to run concurrently) instead of five years as provided in the written order (five years for the burglary conviction and no sentence for the dealing in stolen property conviction).
Therefore, we reverse the conviction and sentence for grand theft, affirm the conviction and sentence for burglary and the conviction for dealing in stolen property, and remand with instructions that, with respect to the dealing in stolen property conviction, the court either impose a sentence of not more than six years, to run concurrently with the burglary sentence, or not impose any sentence.
AFFIRMED in PART, REVERSED in PART, and REMANDED.
RYDER and LEHAN, JJ., concur.