435 So.2d 815 (1983)
STATE of Florida, Petitioner,
v.
Timothy ERVIN, Respondent.
No. 60893.
Supreme Court of Florida.
July 21, 1983.
Jim Smith, Atty. Gen., and James S. Purdy, Asst. Atty. Gen., Tampa, for petitioner.
Jerry Hill, Public Defender and Allyn Giambalvo, Asst. Public Defender, Tenth Judicial Circuit, St. Petersburg, for respondent.
BOYD, Justice.
This cause is before the Court on petition for review of the decision of the District Court of Appeal, Second District, which the district court has certified as having passed upon a question of great public importance. Ervin v. State, 410 So.2d 510 (Fla. 2d DCA 1981). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The certified question is almost the same as that certified by the first district in Sykes v. State, 397 So.2d 991 (Fla. 1st DCA 1981). The question is: where a defendant has been convicted of a nonexistent offense of attempt, having failed to object to an attempt instruction, is the defendant entitled to be discharged? We hold that such a conviction must be reversed even though the instruction was not objected to; but we also hold that respondent may be retried. We therefore answer the certified question in the negative. See State v. Sykes, 434 So.2d 325 (Fla. 1983); Achin v. State, 436 So.2d 30 (Fla. 1982).
The decision of the district court is approved in part and quashed in part with directions to remand for a new trial.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON and EHRLICH, JJ., concur.
McDONALD, J., dissents.