WIGGINTON, Judge.
Appellant was convicted of dealing in stolen property contrary to section 812.019, Florida Statutes (1981).[1] On appeal he argues the trial court erred in denying his motion for judgment of acquittal where the evidence shows that appellant pawned the property he knew or should have known was stolen. We affirm.
Appellant admits that sufficient testimony was presented at trial to lead the jury to believe that appellant, at the time he pawned the property, knew or should have known the property was stolen. Rather, he moved for judgment of acquittal on the sole basis that his pawning the property did not amount to trafficking in stolen property as “trafficking” is defined in section 812.012(7)(a) and (b). The trial court disagreed and instructed the jury in language tracking that of sections 812.019(1) and 812.012(7)(a) and (b).
Section 812.012(7)(a) defines the term “traffic,” as used in section 812.019(1), broadly by utilizing the language “or otherwise dispose of such property.” Appellant would argue, however, that the pawning of stolen property does not amount to the “otherwise” disposing of that property, because a person pawning property does not relinquish ownership or control, but only immediate possession.
We do not take issue with appellant’s understanding of the nature and legal ramifications of pawn brokerage, or of his grasp of the definition of “to dispose.” We do, however, agree with the state’s argument that the question of title to pawned property is irrelevant to the issue of whether a person has trafficked in stolen property. As noted by the state, the *1055 crime of dealing in stolen property is complete upon the attempt. Ervin v. State, 410 So.2d 510 (Fla. 2d DCA 1981), aff'd in part, 435 So.2d 815 (Fla.1983). That is, a person violates section 812.019(1), if he either traffics in, “or endeavors to traffic in,” property he knows or should know was stolen. Moreover, to “traffic” means not only “[t]o sell, transfer, distribute, dispense, or otherwise dispose of such property,” section 812.012(7)(a) [emphasis added], but also “[t]o buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.” Section 812.012(7)(b) [emphasis added]. We hold the fact of appellant’s pawning the stolen property to be sufficient to raise a jury question as to appellant’s intent to “otherwise dispose” of the property. The trial court did not err in denying appellant’s motion for judgment of acquittal. Accordingly, the judgment and sentence of the court is AFFIRMED.
LARRY G. SMITH and NIMMONS, JJ„ concur.

. (1) Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree, punishable as provided in ss. 775.082, 775.083, and 775.084.