ERVIN, Chief Judge.
Appellant was charged in the same information with one count of grand theft in excess of $20,000.00, sixty-five counts of forgery and sixty-five counts of uttering forged instruments. Those charges stemmed from sixty-five purported contracts for the purchase of World Book Encyclopedias. In presenting its case, the state made extensive use during trial of several large charts which detailed the false information contained in each contract and related those contracts to the various charges for which appellant was *323 being tried. Although the contracts themselves, along with other documentary evidence, were properly admitted into evidence, the charts were used for demonstrative purposes only and were not offered into evidence.
During its deliberations on twenty of the forgery counts and the one grand theft count that had been permitted to go to the jury, the jury informed the court it was having difficulty determining which counts corresponded to the various alleged customers who had testified during trial. To aid them in reaching a verdict, they requested to be allowed to take with them into the jury room the state’s charts. That request was granted over defense objections, and eventually appellant was found guilty of grand theft of less than $20,-000.00 and of only one count of forgery. Appellant contends the court erred in allowing the jury to use the non-admitted charts prepared by the state. We disagree and affirm.
It is true that the allowance of non-admitted evidence or exhibits into the jury room during deliberations may constitute error. See Vasquez v. State, 54 Fla. 127, 44 So. 739 (1907), Beard v. State, 104 So.2d 680 (Fla. 1st DCA 1958). As with similar non-fundamental error, however, the harmless error rule may preclude reversal despite such error. See Vasquez, Beard. When presented with a situation in which the harmless error rule applies, our task is to determine whether “the error committed was so prejudicial as to vitiate the entire trial.” State v. Murray, 443 So.2d 955 (Fla.1984). Here, where the evidence against appellant was overwhelming, revealing, among other things, the shipment of the books directly to appellant’s home, expert testimony placing appellant’s forged handwriting on the contracts, and the disavowal by the purported customers of the contracts to purchase, any error that might have resulted from the jury’s use of charts prepared by the state can only be deemed harmless. Accordingly, appellant’s sentence is
AFFIRMED.
BOOTH and ZEHMER, JJ., concur.