GRIMES, Acting Chief Judge.
The state appeals an order granting ap-pellee’s motion to dismiss an amended information charging him with dealing in stolen property and theft.
The amended information alleged that on or about November 28, 1982, Alonzo Stone Rivers and appellee:
I. did at, near, or in the vicinity of Riverside Drive, Punta Gorda, Charlotte County, Florida, traffic in or endeavored to traffic in property, to-wit: firearms, they knew or should have known were stolen, and during the commission of such felony they carried or displayed a firearm, in violation of Florida Statutes 812.019(1) and 775.087;
II. did knowingly obtain or use or endeavored to obtain or use firearms, property of another, to-wit: DARLENE or WILMER GOLLMAN, as owners or custodians, with the intent to deprive them of a right to the firearms or a benefit therefrom or to appropriate the firearms to their own use or to the use of any person not entitled thereto, in violation of F.S. 812.014;
contrary to the statute in such case made and provided and against the peace and dignity of the State of Florida.
In granting the motion to dismiss, the court expressed concern over the vagueness of both the firearms’ description and the location of the offense.
In order to grant a dismissal of an information for vagueness, the information must be “so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.” Fla.R. Crim.P. 3.140(o). State v. Dilworth, 397 So.2d 292 (Fla.1981); Martinez v. State, 368 So.2d 338 (Fla.1978); State v. Kopulos, 413 So.2d 1195 (Fla. 2d DCA) appeal dismissed sub nom. Bonk v. State, 419 So.2d 1195 (Fla.1982). An information which tracks the wording of the statute is usually adequate unless the statutory language is so generic that it fails to specifically inform the defendant of the criminal act he is alleged to have committed. State v. Dilworth. The supreme court has also emphasized that “[w]ith the advent of Florida’s liberal discovery rules in criminal cases, along with the availability of a statement of particulars, a defendant is no longer forced to obtain information about the charge only from the charging document.” State v. Dilworth at 294.
The amended information was legally sufficient. The counts track the language of the statute for trafficking in stolen property, section 812.019(1), and the theft statute, section 812.014. The first count also specifies the location of the offense and indicates that “firearms” consti *266 tuted the stolen property. The second count lists “firearms” as the stolen property and identifies the owners by name. As for the argument of duplicated offenses, the state could properly charge separate counts of theft and dealing in stolen property in connection with one scheme or course of conduct in a single information, so long as the trier of fact returns a guilty verdict on one or the other. McWhirter v. State, 429 So.2d 810 (Fla. 2d DCA 1983); Daniels v. State, 422 So.2d 1024 (Fla. 1st DCA 1982); Hudson v. State, 408 So.2d 224 (Fla. 4th DCA 1981); § 812.025, Fla. Stat. (1981). We conclude that the present information neither misled nor embarrassed appellee in the preparation of his defense nor exposed him to double jeopardy. .
REVERSED AND REMANDED.
SCHEB and CAMPBELL, JJ., concur.