473 So.2d 724 (1985)
Donald Wayne RHAMES, Appellant,
v.
STATE of Florida, Appellee.
No. BA-163.
District Court of Appeal of Florida, First District.
May 24, 1985.
Rehearing Denied August 13, 1985.
*726 Robert G. Kerrigan of Kerrigan, Estess & Rankin, Pensacola, for appellant.
Jim Smith, Atty. Gen., John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant was convicted of five counts of grand theft, one count of conspiracy to commit grand theft, and two counts of dealing in stolen property, Sections 777.04(3), 812.014 and 812.019(1), Florida Statutes (1983). We affirm in part, reverse in part, and remand with directions.
The prosecution's evidence, considered in the light most favorable to the state, demonstrated that appellant, in conversation with Ronald Ross, his alleged co-conspirator, initiated the idea of stealing outboard motors for profit. Acting in furtherance of his plan, appellant drove Ross around pointing out the location of various motors, which Ross then stole. Appellant also arranged contacts between Ross and buyers, with Ross actually consummating the sales. Appellant was physically present at the scene at the time of at least one motor theft, and also made the sale of that motor.
Ross, after being arrested for these offenses, agreed to speak with appellant while wearing a "body bug." This conversation, which took place at a local bar, was monitored by an investigator for the Gulf County state attorney's office. A tape of this conversation was played to the jury during appellant's trial. At the same time, a typed transcript of the taped conversation between Ross and appellant was admitted into evidence over appellant's objection after both Ross and the investigator testified that the transcript was an accurate reproduction of the tape. Although the trial court refused to allow the tape to be utilized by the jury during their deliberations, since it allegedly contained other material not germane to the case, the court did allow the transcript to be taken into the jury room during the jury's deliberations, and upon the jury's request, allowed additional copies for each juror.
As his first point on appeal, appellant contends that the trial court erred in admitting into evidence the transcript of the tape-recorded conversations between himself and Ross, rather than the tape itself, and further erred in allowing the jury to take copies of the transcript into the jury room, citing Waddy v. State, 355 So.2d 477 (Fla. 1st DCA 1978), cert. den., 362 So.2d 1056 (Fla. 1978), and Duggan v. State, 189 So.2d 890 (Fla. 1st DCA 1966). While we agree with appellant regarding the rule applied in these cases, we find neither to be precisely on point with the case at bar, since in both Waddy and Duggan there was some question as to the authenticity or accuracy of the proffered transcripts. Here, on the other hand, appellant does not challenge the substantial accuracy of the transcript, which had been vouched for by the testimony of both Ross and the investigator who monitored the taping. In any event, we find admission of the transcripts, though error, to be harmless under the specific circumstances of this case, since Ross testified to the same inculpatory facts found in the transcript. Cf. Strickland v. State, 447 So.2d 322 (Fla. 1st DCA 1984), pet. for rev. den., 455 So.2d 1033 (Fla. 1984).
Appellant also contends that the trial court erred in failing to grant his pretrial motion to dismiss Count VI (Case No. 84-17), the conspiracy count. Appellant argues that, as framed by the pleadings filed in this case, the conspiracy count constituted a necessarily-lesser included offense to Count VII, the dealing in stolen property count charged pursuant to Section 812.019(2), which seeks to punish a person who "initiates, organizes, plans, finances, directs, manages, or supervises" the theft of property or trafficking in stolen property. He argues that the above-quoted language establishes that a criminal agreement or conspiracy between an organizer of a theft ring and the actual thief is encompassed within the elements of the crime of dealing *727 in stolen property, citing Goddard v. State, 458 So.2d 230 (Fla. 1984), and Bell v. State, 437 So.2d 1057 (Fla. 1983).
The two statutes from which appellant argues are phrased as follows:
777.04 Attempts, solicitation, conspiracy, generally. 
* * * * * *
(3) Whoever agrees, conspires, combines, or confederates with another person or persons to commit any offense commits the offense of criminal conspiracy... .
812.019 Dealing in stolen property. 
* * * * * *
(2) Any person who initiates, organizes, plans, finances, directs, manages, or supervises the theft of property and traffics in stolen property... .
As can be seen, proof of the offense of dealing in stolen property necessarily requires proof of an agreement or undertaking between the defendant and another to commit a crime  in other words, proof of the constituent elements of the offense of conspiracy. Conviction of both offenses is therefore prohibited under the constitutional restrictions against double jeopardy. Bell v. State, supra, It is clear from the opinion in Goddard v. State, supra, that the "dealing" offense proscribed by Section 812.019(2) cannot be committed by a person acting alone, hence, the necessity for proof that the accused acted in concert with another. Since the state does not contest appellant's contention that conspiracy is a lesser included offense of the "dealing" charge under Section 812.019(2), it was error to refuse to dismiss the conspiracy charge or to inform the jury that it should be considered only as a lesser included offense. That the jury found appellant guilty only of the lesser included offense of trafficking in stolen property, Section 812.019(1), under Count VII  which does not require commission of conspiracy  is immaterial to appellant's claim of error on this point, since the state is not entitled to a conviction of two lesser included offenses under a single charge. Portee v. State, 447 So.2d 219 (Fla. 1984); Bell v. State, supra.
Appellant also argues that insufficient evidence was adduced below to make out a prima facie case on the substantive offenses he was charged with, and thus that his motions for judgment of acquittal should have been granted. However, appellant's argument is unavailing since the testimony of Ross, if believed by the jury, was sufficient to establish all the requisite elements of grand theft, conspiracy to commit grand theft, and dealing in stolen property. See Beke v. State, 423 So.2d 417 (Fla.2d DCA 1982), pet. for rev. den., 430 So.2d 450 (Fla. 1983); Gains v. State, 417 So.2d 719 (Fla. 1st DCA 1982), pet. for rev. den., 426 So.2d 26 (Fla. 1983); Goddard v. State, 458 So.2d 230, 234 (Fla. 1984).
We do agree with appellant's claim that the trial court erred in not instructing the jury that it was precluded by Section 812.025, Florida Statutes (1983)[1] from convicting him of both grand theft and dealing in stolen property where, as here, appellant's actions arose out of a common scheme or course of conduct. See Daniels v. State, 422 So.2d 1024 (Fla. 1st DCA 1982); Ebentter v. State, 419 So.2d 1173 (Fla. 2d DCA 1982); Jones v. State, 453 So.2d 1192 (Fla. 3d DCA 1984); Lennear v. State, 424 So.2d 151 (Fla. 5th DCA 1982). We also agree that appellant is not precluded from raising this point on appeal, even though no objection to the erroneous instructions was made below, since to hold otherwise, given the statute's prohibitory language, would be analogous to allowing appellant to be convicted of a nonexistent crime. Cf. Achin v. State, 436 So.2d 30 (Fla. 1982); State v. Sykes, 434 So.2d 325 *728 (Fla. 1983). Appellant's remedy is vacation of the less serious grand theft convictions and sentences. Daniels, supra.
Finding no other reversible error, we affirm appellant's remaining judgments of conviction and sentences.
AFFIRMED in part, REVERSED in part, and REMANDED with directions to vacate the convictions and sentences for grant theft and conspiracy.
MILLS and THOMPSON, JJ., concur.

ON MOTION FOR REHEARING
SMITH, Judge.
The state's motion for rehearing contends that this court misapplied certain settled precedent in vacating appellant's conviction for conspiracy to commit grand theft, Sections 777.04(3) and 812.014(2), Florida Statutes (1983). Finding no merit in appellee's arguments, we adhere to our original opinion, and deny the motion for rehearing.
On appeal appellant contended, among other things, that his pre-trial motion to dismiss the conspiracy count should have been granted since, he asserted, it constituted a necessarily lesser-included offense to one of the dealing in stolen property counts. This court agreed, citing Bell v. State, 437 So.2d 1057 (Fla. 1983), for the proposition that a double jeopardy violation occurs where, as here, one offense is so framed by the pleadings as to require proof of all the elements of a second, lesser offense. Appellee points out, however, that Bell has been limited in subsequent Florida Supreme Court cases to necessarily lesser-included offenses and, therefore, the question of whether two offenses are the same for double jeopardy purposes is to be answered by an examination of the statutory elements of the alternate offenses, rather than of the allegations found in the pleadings or proof adduced at trial, to discern whether it is statutorily impossible under any conceivable set of facts to commit the primary offense without also committing the secondary offense. Rotenberry v. State, 468 So.2d 971, 976 (Fla. 1985). In this regard, appellee contends that since conspiracy to commit grand theft requires an agreement with another who is acting unlawfully, while dealing in stolen property does not, it is possible statutorily to commit the two crimes separately, citing Blake v. State, 444 So.2d 1054 (Fla. 1st DCA 1984), and Lancaster v. State, 369 So.2d 687 (Fla. 1st DCA 1979). As a second ground for its thesis, appellee argues that conspiracy to commit grand theft would require that the property in question have a value of at least $100.00, while dealing in stolen property has no minimum value requirement. We find both arguments unpersuasive.
We agree that the question of whether two offenses are considered the same for double jeopardy purposes requires an examination of the statutory elements of the offenses, and not of the accusatory pleadings or evidence offered at trial. State v. Baker, 456 So.2d 419 (Fla. 1984); see also, Section 775.021(4), Florida Statutes (1983).[1] However, we disagree with appellee's assertion that under the statutes in question the offenses of "dealing" in stolen property and conspiracy to commit a crime meet the "separateness" test. As we noted in our original opinion in this case, Goddard v. State, 458 So.2d 230 (Fla. 1984), holding that a person who commits a theft and trafficks in his own stolen goods cannot be convicted of the "organizing" provision of Section 812.019(2) clearly states the converse; that is, that Section 812.019(2) cannot be violated by one acting alone. Accordingly, this statute necessarily requires *729 proof that a defendant agreed to commit that crime with another; that is, conspired to commit a crime, in "initiating, organizing, planning," etc.  in this case  the theft of property. We are constrained to avoid a result which would countenance the "labeling under different statutory sections of essentially the same crime." Bell, supra, at 1059, citing Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).
Finally, the cases cited by appellee purporting to distinguish the two offenses on the basis of the element of unlawfulness of the co-party's actions under Sections 777.04(3) and 812.019(2) are not on point, as each involves the question of what constitutes "trafficking" under Section 812.019(1), Florida Statutes (1983). See Blake v. State, supra, at 1055; Lancaster v. State, supra, at 688.
Accordingly, appellee's motion for rehearing is DENIED.
MILLS and THOMPSON, JJ., concur.
NOTES
[1] 812.025 Charging theft and dealing in stolen property

Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other but not both of the counts.
[1] Section 775.021 RULES OF CONSTRUCTION. 

* * * * * *
(4) Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleadings or the proof adduced at trial. (Emphasis supplied.)