559 So.2d 742 (1990)
Carlos Avery BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-602.
District Court of Appeal of Florida, First District.
April 19, 1990.
Paula Saunders, Asst. Public Defender, for appellant.
Gypsy Bailey, Asst. Atty. Gen., for appellee.
MINER, Judge.
Appellant, Carlos Avery Bailey, challenges his conviction for dealing in stolen property in violation of section 812.019, Florida Statutes (1987). We affirm.
On September 2, 1988, appellant was charged with trafficking or endeavoring to traffic a typewriter that he knew or should have known was stolen. Appellant moved for dismissal pursuant to Rule 3.190(c)(4), Fla.R.Crim.P., asserting that the undisputed facts failed to establish a prima facie case of guilt. According to the undisputed facts, appellant offered to sell stolen property to the property's original owner and not to a third party. Appellant argued that when stolen property is offered for sale to its original owner, there is no attempt to move the property into the stream of commerce and thus, there can be no violation *743 of section 812.019.[1] The trial court denied the motion, and appellant pled nolo contendere specifically reserving his right to appeal the denial of the motion to dismiss.
Appellant cites Dixon v. State, 541 So.2d 637 (Fla. 1st DCA 1989), for the proposition that there has been no crime of trafficking unless the stolen property is moved into the stream of commerce. In Dixon, the defendant was charged with dealing in stolen property after he tried to cash a stolen check at a credit union. The defendant claimed that this represented a personal use of the stolen check, which case law did not recognize as trafficking.[2] This court stated:
The essence of the offense of dealing in stolen property, also referred to as "trafficking", is that the stolen property is being distributed into the stream of commerce so as to have a detrimental effect beyond that of the original theft. A theft, followed by a personal, terminal use of the stolen property by the thief does not have the extra ingredient required for an offense under Section 812.019, Florida Statutes: The "personal use" cases are based on that principle.
Id. at 638. This "stream of commerce" language was a means of distinguishing Dixon from the personal use cases. Since the check, when cashed, was moved into the stream of commerce, it could not be maintained that the defendant's actions constituted personal use. The court also reasoned that cashing a stolen check for money was indistinguishable from a sale of stolen goods where money is given in payment.
We find that appellant's reliance on Dixon and its stream of commerce language is misplaced. The statute is clear that an endeavor to sell property known to be stolen constitutes trafficking. See §§ 812.019(1), 812.012(7)(a), Fla. Stat. (1987). We recognize that the stream of commerce language in Dixon might be helpful in determining whether or not certain forms of dispositions are merely incidental to personal use; thus, dispositions that do not produce ripple effects in the stream of commerce may be deemed personal uses. However, in the instant case, such an analysis is unnecessary. Appellant admits that he attempted to sell a stolen typewriter to another person for money. This is clearly not a case involving personal use, nor is it suggested that the sale was a necessary incident of personal use. The statute does not require that the property enter the stream of commerce, and we are unwilling to extend the language in Dixon to include situations for which it was not intended.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.
NOTES
[1] Section 812.019(1), Florida Statutes (1987), provides:

Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree, punishable as provided in ss. 775.082, 775.083 and 775.084.
Under section 812.012(7), Florida Statutes (1987), trafficking is defined as follows:
(a) To sell, transfer, distribute, dispense, or otherwise dispose of property.
(b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.
[2] The defendant in Dixon relied heavily upon Grimes v. State, 477 So.2d 649 (Fla. 1st DCA 1985). In Grimes, this court held that the theft of food stamps and their subsequent redemption for food was not trafficking, but merely amounted to personal use. Although the stamps were seemingly disposed of, the disposition was necessary and incidental to the personal use of the stamps.

Lancaster v. State, 369 So.2d 687 (Fla. 1st DCA 1979), presented a more clear-cut case of personal use. In Lancaster, this court held that there was no trafficking where the defendant put a stolen engine into his own vehicle.