579 So.2d 763 (1991)
STATE of Florida, Appellant,
v.
Jo Ann CAMP, Appellee.
No. 90-759.
District Court of Appeal of Florida, Fifth District.
April 25, 1991.
Rehearing Denied June 3, 1991.
Norman R. Wolfinger, State Atty., Sanford, for appellant.
F. Wesley Blankner, Jr. of Katz, Jaeger and Blankner, Orlando, for appellee.
HARRIS, Judge.
Jo Ann Camp, while employed as a bookkeeper by Brightwater Pools, Inc., improperly obtained or used company checks for her own use. She either forged her employer's signature or improperly used *764 blank checks pre-signed by him. She was ultimately caught.
The State charged her with 36 counts of forgery, 36 counts of uttering a forgery and 42 counts of dealing in stolen property. The trial court dismissed all counts alleging that Camp was dealing in stolen property. The state appeals. We affirm.
The State relies on Dixon v. State, 541 So.2d 637 (Fla. 1st DCA 1989) for the proposition that a thief who puts stolen property into the stream of commerce is guilty of dealing in stolen property. Clearly Camp, by negotiating checks at various banks, did that in the case at bar. But we believe that the State misconstrues the effect of section 812.019, Florida Statutes (1989). This crime, dealing in stolen property, is an anti-fencing statute and is intended to punish those who knowingly deal in property stolen by others. It is not intended to convert a third degree felony into a second degree felony merely because the thief sells the stolen property rather than consumes it.
The legislative history of section 812.019 contains the following language:[1]
The attached proposed committee bill is an adaption of the Model Theft and Fencing Act, consistent with the organization of Florida law, as proposed by G. Robert Blakey and Michael Goldsmith, Criminal Redistribution of Stolen Property: The Need for Law Reform, 74 Mich.L.Rev. 1512 (1976). That article focuses on the receivers of stolen property as the central figures in theft activities, and that the law should be focused on the criminal system that redistributes stolen goods.
In this regard the statutes define "dealer in property" to mean any person in the business of buying and selling property (§ 812.012(1), Fla. Stat.), and while both theft and dealing in stolen property may be charged in the same information and tried in the same action, a guilty verdict may enter for only one (§ 812.025, Fla. Stat.). This does not mean however, that the jury can arbitrarily choose between them. If the evidence convinces that the defendant stole the property for his own use, then theft is the verdict; if the evidence is only that the defendant obtained or sold stolen property and there is no evidence that he stole it, then dealing is the appropriate verdict.
While one who steals with the intention of dealing through a fence, and does so, might well violate this provision, one who steals for his own account, so to speak, does not. This is consistent with the "personal use" analysis in Grimes v. State, 477 So.2d 649 (Fla. 1st DCA 1985), and the dissent in Dixon v. State, 541 So.2d 637 (Fla. 1st DCA 1989). Certainly, while Camp might well have been convicted of theft of the checks (surprisingly not charged), she did not deal in stolen property because she did not deal through or with a fence.
AFFIRMED.
COWART and GOSHORN, JJ., concur.
NOTES
[1] Committee on Criminal Justice Memorandum dated April 7, 1977 concerning Proposed Committee Bill Relating to Stolen Property.