DANAHY, Acting Chief Judge.
In this appeal we are confronted by the following question which has been answered differently by two district courts of appeal: Can a defendant who steals blank checks, forges the signature required, and presents them for payment, be convicted of dealing in stolen property, where he is also convicted of uttering a forged instrument based on the same checks? Sections 812.-019 and 831.02, Fla.Stat. (1989). Dixon v. State, 541 So.2d 637 (Fla. 1st DCA 1989), has answered the question in the affirmative. State v. Camp, 579 So.2d 763 (Fla. 5th DCA 1991), jurisdiction accepted, 587 So.2d 1329 (Fla.1991), has replied in the negative. We answer the question in the affirmative, thus aligning ourselves with the First District in Dixon, and adopt the analysis set forth in the majority opinion there. In so doing we are in conflict with Camp which is presently pending review in the Supreme Court of Florida.
We affirm the appellant’s convictions and sentences.
CAMPBELL and HALL, JJ., concur.