PER CURIAM.
Defendant was charged with dealing in stolen property under section 812.019(1), Florida Statutes (1989). He pleaded nolo contendere and reserved his right to appeal. He admitted at a hearing that he sold property he had stolen. We affirm.
The supreme court in State v. Camp, 596 So.2d 1055 (Fla.1992) recently held that a defendant’s attempt to negotiate forged checks she had stolen does not constitute dealing in stolen property. In doing so it approved the opinion of the Fifth District in State v. Camp, 579 So.2d 763 (Fla. 5th DCA 1991), on which defendant relies in this appeal. However, we conclude that the opinion of the supreme court in Camp calls for an affirmance, not a reversal.
The holding of the supreme court in Camp was on the basis that negotiating a stolen check does not constitute an incident of “trafficking” as required by the statute, but rather constitutes personal use. Camp pointed out in a footnote: “In this case, Camp herself negotiated the checks. Our analysis would not apply had she stolen and sold blank checks for others to negotiate.” 596 So.2d at 1057 n. 3 In the instant case, it is undisputed that defendant sold the stolen property to other people. Camp squarely rejects defendant’s argument that the statute does not punish initial thieves like himself, but only fences: “The basic scenario envisions a person who steals and *438 then sells the stolen property to a middleman (the “fence”) who in turn resells the property to a third person. The statute punishes both the initial thief and the fence.” Id. at 1057 (emphasis added; citations omitted).
Affirmed.
LEHAN, A.C.J., and FRANK and ALTENBERND, JJ., concur.