PER CURIAM.
Upon defendant Jackson’s proper confession of error, we reverse the trial court’s order dismissing the charge of dealing in stolen property filed against defendant. See State v. Camp, 596 So.2d 1055 (Fla.1992). The undisputed facts present a pri-ma facie case that defendant attempted to sell a recently stolen tool to a third party in violation of section 812.019(1), Florida Statutes (1989). See Douglas v. State, 597 So.2d 437 (Fla. 2d DCA 1992); Bailey v. State, 559 So.2d 742 (Fla. 1st DCA 1990);. § 812.022(2), Fla.Stat. (1989). In attempting to sell the tool to a third person, defendant was not putting the item to its normal use and the attempted sale was not an incident of such use. Bailey v. State, 559 So.2d at 742; see Camp, 596 So.2d at 1057 n. 3; Douglas, 597 So.2d at 437. Accordingly, we reverse and remand to the trial court.
Reversed and remanded.