COBB, Judge.
Appellant, Cary Burch, entered pleas of nolo contendere to dealing in stolen property [1] and uttering a forgery, specifically reserving his right to appeal the trial court’s denial of his motion to dismiss the dealing in stolen property charge. Burch was adjudicated guilty of the two offenses and sentenced as a habitual felony offender to concurrent terms of 4V2 years incarceration.
The motion to dismiss, filed pursuant to Fla.R.Crim.P. 3.190(c)(4), asserted that the undisputed material facts failed to establish a prima facie case of defendant’s guilt as to the dealing in stolen property charge. The motion alleged that on September 10, 1990 at about 11:00 a.m., Burch presented a check in the amount of $210.00 at a store in Sanford, Florida. The check was from the account of a local tire company. The check was made payable to the order of Marlon Burns Wynter. Burch presented a Florida driver’s license with that name. Burch received cash for the check which was later determined to be stolen from the tire company.
The state filed a traverse to the motion to dismiss. The state added facts which it claimed established a prima facie case of guilt. The state alleged that Burch did not burglarize the tire company’s building, nor remove any checks from there. Burch was acquainted with those individuals who committed the burglary and larceny. One of *640 the burglary suspects told police officers that Burch had I.D. and was therefore given some of the stolen checks. The state argued that the facts show that Burch came into possession of checks he knew were stolen and that he disposed of one of the checks by cashing it with an unsuspecting storekeeper.
In State v. Camp, 596 So.2d 1055 (Fla.1992), Jo Ann Camp obtained company checks from her employer and fraudulently used them to satisfy her personal credit card debt. The state charged her with thirty-six counts of forgery, thirty-six counts of uttering a forgery and forty-two counts of dealing in stolen property. The trial court dismissed the forty-two counts of dealing in stolen property. The state appealed and this court affirmed, holding that one who steals for his or her own benefit does not violate the statutory offense of dealing in stolen property. See State v. Camp, 579 So.2d 763 (Fla. 5th DCA 1991). The supreme court approved the decision of our court and held that negotiating stolen checks for personal use, or otherwise deriving personal benefit from stolen merchandise, does not constitute the crime of dealing in stolen property. The supreme court noted that this statutory offense was designed to dismantle the criminal network of thieves and fences who knowingly redistribute stolen property. The supreme court disapproved the decision of Dixon v. State, 541 So.2d 637 (Fla. 1st DCA 1989), which held that one who puts a stolen, forged check into the stream of commerce by cashing it at a bank is guilty of dealing in stolen property.
In this case, Burch received stolen checks by those who committed the larceny. Burch uttered a forged check and received cash, the proceeds to be used for his own personal benefit or to be shared with those who gave him the stolen checks. Burch did not purchase the stolen checks nor sell the stolen checks to a third party. The undisputed material facts establish that Burch was not acting as a “fence” for stolen property. Rather than charging Burch with petit theft, the state charged him with a second degree felony. Based on Camp, the trial court erred in denying the motion to dismiss. The dealing in stolen property conviction is reversed and the sentence is vacated. However, the judgment and sentence for uttering a forgery is affirmed since Burch entered a nolo plea to that charge and the motion to dismiss was not directed to that count in the information.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
DAUKSCH and W. SHARP, JJ., concur.

. See § 812.019, Fla.Stat. (1991).