PER CURIAM.
We review Cowhig v. State, 589 So.2d 310 (Fla. 5th DCA1991), based on conflict with Dixon v. State, 541 So.2d 637 (Fla. 1st DCA), review dismissed, 547 So.2d 1209 (Fla.1989), and our review of State v. Camp, 579 So.2d 763 (Fla. 5th DCA1991), approved, 596 So.2d 1055 (Fla.1992). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981).
William Lawrence Cowhig, Jr., stole numerous checks from an office and cashed one of them for his own use. He was tried and convicted of burglary of a structure and dealing in stolen property under section 812.019, Florida Statutes (1989) (dealing in stolen property). The Fifth District reversed Cowhig’s conviction for dealing in stolen property, based on its decision in Camp, which recently was approved by this Court. State v. Camp, 596 So.2d 1055, 1057 (Fla.1992) (negotiating stolen checks for personal use, or otherwise deriving personal benefit from stolen merchandise, does not constitute the crime of dealing in stolen property).
The decision below therefore is approved. It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.