641 So.2d 447 (1994)
Johnny BLOUNT, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02872.
District Court of Appeal of Florida, Second District.
August 12, 1994.
*448 James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann P. Corcoran, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
We affirm the defendant's convictions for battery on a law enforcement officer, obstructing or opposing an officer with violence, uttering a forged instrument, and grand theft. For the reasons stated below and pursuant to the rationale in State v. Camp, 596 So.2d 1055 (Fla. 1992), we reverse the defendant's conviction for dealing in stolen property. Further, we reverse the consecutive habitual felony offender sentences imposed because all charges arose from the same criminal episode. Dietrich v. State, 635 So.2d 148 (Fla. 2d DCA 1994). On resentencing, any habitual offender sentences must run concurrently.
On February 4, 1992, Johnny Blount entered a post office and tried to buy fourteen rolls of stamps with a $435 check drawn on the account of Bayland Printers, Inc. The postal clerk suspected the check was a forgery and notified a manager. After Mr. Blount spoke to the manager, he attempted to flee from the building. He was confronted by an investigator from the state attorney's office, who happened to be at the post office. When the investigator identified himself and attempted to detain Mr. Blount, he shoved the investigator and tried to escape. Mr. Blount struggled briefly with the investigator before being subdued. Upon questioning, Mr. Blount provided several varying stories to explain his possession of the check from Bayland Printers.
The state charged Mr. Blount with: (1) dealing in stolen property, i.e., the check; (2) battery on a law enforcement officer  because of the shoving incident; (3) obstructing an officer with violence  because of the subsequent struggle; (4) uttering a forged instrument; and (5) grand theft  because of the attempt to buy the stamps with the stolen check. A jury convicted Mr. Blount as charged. The trial court entered judgments of conviction on all five charges, but sentenced him on only the first four convictions. The trial court declared Mr. Blount a habitual offender and sentenced him to fifteen years' incarceration for the offense of dealing in stolen property. Concurrent with this sentence, the trial court also sentenced Mr. Blount to three consecutive habitual offender sentences for the charges of battery, obstruction, and uttering. The trial court orally "merged" the grand theft conviction into the *449 conviction for dealing and declined to enter a written sentence for the grand theft.[1]
In Camp, the supreme court held that "negotiating stolen checks for personal use, or otherwise deriving personal benefit from stolen merchandise, does not constitute the crime of `dealing in stolen property' as envisioned by the legislature in enacting section 812.019." 596 So.2d at 1057. In that case, Ms. Camp negotiated stolen checks to pay a personal credit card debt. Here, Mr. Blount negotiated stolen checks in an attempt to buy stamps.
The state erroneously convinced the trial court to focus on the reference to "personal use" in Camp. The state maintained that one does not deal in stolen property if a stolen check is negotiated for food or other personal items, but that dealing occurs if a check is negotiated for non-personal items. Because Mr. Blount attempted to purchase $435 in stamps, and was unlikely to use these stamps for personal correspondence, the trial court allowed the charge of dealing in stolen property to be submitted to the jury.
Apparently, the state would not have charged Mr. Blount with dealing if he had attempted to purchase only one roll of stamps. Somewhere between one roll and fourteen rolls, the state maintains that the "use" of the check ceases to be personal and becomes non-personal. This distinction is not found in Camp, and it is doubtful that it can be applied in any consistent fashion. See also State v. Cowhig, 604 So.2d 1233 (Fla. 1992) (cashing stolen checks for personal benefit does not constitute dealing in stolen property); Burch v. State, 602 So.2d 639 (Fla. 5th DCA 1992) (negotiating a stolen $210 check for cash is not dealing).
We conclude that the critical concept in Camp is not personal use, but negotiation. Whether a stolen check is used to obtain food, money, stamps, or any other property from an unsuspecting merchant, the negotiation of the check, by itself, provides the defendant with something of "personal benefit." Thus, negotiating a stolen check in the ordinary course of commerce is not dealing in stolen property.
The supreme court suggests in a footnote in Camp that it is dealing in stolen property to sell a blank stolen check for $100 to someone who, in turn, forges a signature and obtains property in exchange for the check. 596 So.2d at 1057 n. 3. In that situation, the defendant is selling stolen property to someone who is arguably a fence. In Camp, as in this case, the defendant did not sell the stolen check, but negotiated the instrument to obtain something of value in ordinary commerce.
The trial court's analysis effectively shifted the offense to dealing in stolen stamps. The information explicitly alleged that Mr. Blount dealt in the stolen check, not the stamps. Mr. Blount never received possession or control of any stamps in this case.
Accordingly, we reverse Mr. Blount's conviction and sentence for dealing in stolen property. Because of this disposition, on remand the trial court shall sentence Mr. Blount on the grand theft conviction consistent with this opinion. We also reverse his consecutive habitual felony offender sentences, and direct the trial court on remand to order those sentences to be served concurrently. Mr. Blount's remaining convictions are affirmed.
Affirmed in part, reversed in part, and remanded for resentencing with directions.
HALL, A.C.J., and BLUE, J., concur.
NOTES
[1] Because we reverse the conviction for dealing in stolen property, the trial court's oral "merger" requires no action by this court. We note, however, that this merger left written judgments of conviction on both offenses. This procedure does not comply with the applicable case law. See Duncan v. State, 503 So.2d 443 (Fla. 2d DCA 1987).