FARMER, J.,
dissenting.
In affirming the conviction for dealing in stolen property, the majority reasons:
“ ‘Evidence of theft only, with the intent personally to put the stolen item or items to normal use, constitutes only the crime of theft and not the crime of trafficking or dealing in stolen property.... ’ State v. Camp, 596 So.2d 1055, 1057 (Fla.1992). The State, however, introduced significant evidence tending to show that the stolen property, that being 20 or 30 fishing poles transported in a garbage can in the middle of the night by Appellant, was not for normal use. Further there is no minimum number of stolen goods required to constitute trafficking in stolen property.”
Slip Op. at 2. Their logic is based on the notion that he must have wanted to sell them because he stole so many of them. Is more than one enough, under this rationale? How many is enough to indicate selling?
As the court held in Blount v. State, 641 So.2d 447, 449 (Fla. 2d DCA 1994): “the critical concept in Camp is not personal use, but negotiation” when the crime is dealing in stolen property. And even if personal use were the test for the crime of dealing in stolen property — which it isn’t-— how do we derive the conclusion that 20 or 30 fishing poles is too many for personal use? As in Blount, the majority’s construction introduces an intolerable ambiguity.
When the crime is merely theft, personal use may be important because one element of the crime of theft is the appropriation of property of another to one’s own use. See Pizzo v. State, 945 So.2d 1203 (Fla.2006) (holding that among elements of grand theft is obtaining property of another with intent to appropriate the property to one’s own use). But when dealing is the charge, there can be no reliance on an intuition of personal use, because it is certainly predictable for a thief to steal a longterm supply to reduce the frequency of having to commit the act of theft. The majority’s premise simply does not fit their conclusion.
As suggested above, the text of the statute does not bear the construction placed on it by the majority. Section 812.019(1) provides: “Any person who traffics in, or endeavors to traffic in, property that he or she knows or should know was stolen shall be guilty of a felony of the second degree. ...” The term traffic is defined to mean:
“(a) To sell, transfer, distribute, dispense, or otherwise dispose of property, (b) To buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.”
§ 812.012(8), Fla. Stat. (2009). The majority opinion would make mere possession of goods sufficient to prove dealing, without any other evidence of an overt act designed to “sell, transfer, distribute, dispense, or otherwise dispose of such property.”
The analogue to trafficking in controlled substances simply does not hold up. In Rawlings v. State, 979 So.2d 1238 (Fla. 4th DCA 2008), the stolen substance possessed by the defendant was packaged in 31 indi *148 vidual baggies. If the possessor intends only to smoke the entire lot himself, why go to the trouble of packaging it in 31 individual baggies?
Nothing in this case suggests that defendant had packaged or handled or used his trove in such a manner. In fact there is absolutely no evidence, apart from the fishing poles themselves, indicating in any way he intended to traffic in fishing poles. The majority is unreasonably enlarging the definition of the crime without textual support. I would grant a JOA on this charge because the evidence is facially insufficient to support a confession.
I dissent.