PER CURIAM.
Section 812.019(2), Florida Statutes, imposes criminal sanctions upon “any person who initiates, organizes, plans, finances, directs, manages, or supervises the theft of property and traffics in such stolen property.” Appellant was found guilty by jury of violating that statutory prohibition. The only issue raised on appeal which merits discussion is appellant’s contention that Section 812.019(2), Florida Statutes, was not intended to apply to him, a common thief who individually stole the goods in question[1] and then trafficked in same.[2] We disagree.
It is a well-settled rule that where the language of a statute is plain, unambiguous, and conveys a clear and definite meaning, resort to rules of statutory interpretation to ascertain legislative intent is unnecessary. The Legislature is held to have intended that which it plainly expressed.
We find the language of Section 812.019(2), Florida Statutes, plain and unambiguous. The word “or,” a disjunctive article, as used in the context of Section 812.019(2), Florida Statutes, prohibits the doing of either or any act so joined. Clearly, one who actually commits a theft also, at least, initiates and plans it, each act of which is proscribed by Section 812.019(2).
Accordingly, we conclude the Section 812.019(2), Florida Statutes, is intended to apply to the common thief who also traffics in the goods which he has stolen and, therefore, affirm the judgment of conviction. However, because we recognize that the issue presented by appellant is one *112 of great public importance, we certify to the Florida Supreme Court the following question:
DID THE FLORIDA LEGISLATURE INTEND TO PUNISH UNDER SECTION 812.019(2), FLORIDA STATUTES, THE COMMON THIEF WHO TRAFFICS IN THE GOODS WHICH HE HAS INDIVIDUALLY STOLEN, OR WAS THAT PROVISION INTENDED TO ONLY PUNISH ONE WHO ACTS AS A “RINGLEADER” IN THE ORGANIZING OF THEFTS AND TRAFFICS IN THE STOLEN GOODS.
BOOTH, WENTWORTH and THOMPSON, JJ., concur.

. We do not find that the evidence presented to the jury was sufficient to permit an interpretation that the thefts were committed by more than one person or that the thefts were committed by one acting under appellant’s direction.

. It is not disputed that appellant trafficked in the goods stolen.