458 So.2d 230 (1984)
James Wesley GODDARD, Petitioner,
v.
STATE of Florida, Respondent.
No. 64490.
Supreme Court of Florida.
September 6, 1984.
Rehearing Denied November 27, 1984.
*231 Gwendolyn Spivey, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for respondent.
OVERTON, Justice.
This is a petition to review Goddard v. State, 438 So.2d 110 (Fla. 1st DCA 1983), in which the district court certified the following question to be of great public importance:[1]
DID THE FLORIDA LEGISLATURE INTEND TO PUNISH UNDER SECTION 812.019(2), FLORIDA STATUTES, THE COMMON THIEF WHO TRAFFICS IN THE GOODS WHICH HE HAS INDIVIDUALLY STOLEN, OR WAS THAT PROVISION INTENDED TO ONLY PUNISH ONE WHO ACTS AS A "RINGLEADER" IN THE ORGANIZING OF THEFTS AND TRAFFICS IN THE STOLEN GOODS[?]
Id. at 112. The district court upheld Goddard's conviction under the statute. We disagree, answer the question in the negative, and hold that section 812.019(2), Florida Statutes (1983), applies only to the organizer, or "ringleader," of a theft and not to the single thief who simply traffics in the goods he has stolen. Such a thief should be charged under the "Theft" statute, section 812.014, Florida Statutes (1983), and the "Trafficking in stolen goods" statute, section 819.019(1), Florida Statutes (1983).
The facts leading to this certified question are as follows. A number of items were discovered missing from a stainless steel equipment and parts plant which primarily stored its large pieces in an outdoor area. A friend of the plant's owner, aware that some stainless steel parts had been missing, alerted the owner when he noticed a truck carrying stainless steel elbows. The owner returned to the plant and discovered that additional items were missing. He subsequently located the missing materials at a local scrap dealer who testified that he purchased the stainless steel from Goddard. Receipts and other evidence of the sale were introduced at the trial. A teenager, allegedly with Goddard at the time of purchase, testified that he helped transfer the steel to Goddard's truck after Goddard had bought the stainless steel from a black man. Goddard testified that he had purchased the stainless steel at his home from a black man, but that he did not know the man's last name or how to contact him. Goddard claimed he did not realize the metal was stolen.
*232 Instead of being charged with theft under section 812.014 and trafficking in stolen property under section 812.019(1), Goddard was charged with a violation of section 812.019(2), which provides that "[a]ny person who initiates, organizes, plans, finances, directs, manages, or supervises the theft of property and traffics in such stolen property shall be guilty of a felony of the first degree... ." At the charge conference the prosecutor advised the trial judge that there were no lesser included offenses to the charge under section 812.019(2). Defense counsel raised no objection. In its final argument, the state asserted that because Goddard stole and then sold the stainless steel parts, he had violated section 812.019(2).
After deliberating for approximately four hours, the jury advised the judge it could not reach a verdict. The judge then gave the Allen charge. In the middle of the Allen charge, the jury expressed some confusion regarding the distinction between dealing in stolen property and actually stealing and trafficking in property. After the jury had resumed deliberations, the state asked that it be recalled for instruction as to the definition of "theft." Over defense counsel's objection, the court recalled the jury, repeated the prior instructions concerning the elements of the offense charged, and instructed the jury as to "theft." The jury returned a verdict of guilty as charged and Goddard was sentenced to fifteen years' imprisonment. Goddard's motion for a new trial was denied.
On appeal, the district court of appeal held that section 812.019(2) was unambiguous and prohibited "the doing of either or any act so joined," and that "one who actually commits a theft also, at least, initiates and plans it, each act of which is proscribed by Section 812.019(2)." 438 So.2d at 110. The district court concluded that the statute "is intended to apply to the common thief who also traffics in the goods which he has stolen." Id. In so holding, the district court noted that the evidence was insufficient "to permit an interpretation that the thefts were committed by more than one person or that the thefts were committed by one acting under [Goddard's] direction." Id. at 110 n. 1.
Section 812.019(2) is one of eleven sections comprising the Florida Anti-Fencing Act as adopted by the legislature in chapter 77-342, Laws of Florida. The Act mandates that its provisions are not to be construed strictly, but rather "in light of their purposes to achieve their remedial goals." Fla. Stat. § 812.037 (1983). Thus, to determine whether section 812.019(2) applies to the common thief who traffics in the goods that he has stolen or whether it applies solely to those individuals who orchestrate thefts and control fencing operations, the legislative history of that section and the Act as a whole must be examined. The sections of the Act pertinent to this discussion are section 812.014, entitled "Theft;" section 812.019, "Dealing in stolen property;" and section 812.025, "Charging theft and dealing in stolen property." The applicable provisions of 812.014, "Theft," are as follows:
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
(2)(a) If the property stolen is of the value of $20,000 or more, the offender shall be guilty of grand theft in the first degree, punishable as a felony of the second degree, as provided in ss. 775.082, 775.083, and 775.084.
(b) It is grand theft of the second degree and a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084, if the property stolen is:
1. Valued at $100 or more, but less than $20,000.
.....

*233 (c) Theft of any property not specified in paragraph (a) or paragraph (b) is petit theft and a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083... .
Section 812.019, entitled "Dealing in stolen property," provides as follows:
(1) Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
(2) Any person who initiates, organizes, plans, finances, directs, manages, or supervises the theft of property and traffics in such stolen property shall be guilty of a felony of the first degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
Section 812.025, entitled "Charging theft and dealing in stolen property," reads as follows:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
Under the statutory scheme of the Florida Anti-Fencing Act, a thief who steals property valued at more than $100, but less than $20,000, subjects himself to punishment for a third-degree felony under section 812.014. An individual who sells property he knows is stolen is subject to a second-degree felony penalty under the "trafficking" provision, section 812.019(1). The harshest penalty, a first-degree felony, is imposed under section 819.019(2) on the individual who initiates, organizes, plans, finances, directs, manages, or supervises the thefts and traffics in stolen property. Section 812.025 supplements these provisions by providing that a defendant may be charged with both theft and dealing in stolen property, but cannot be found guilty of both crimes.
The legislative history of chapter 77-342 reveals that the Florida Anti-Fencing Act was adapted from a model theft and fencing act developed by G. Robert Blakey and endorsed by the National Association of Attorneys General (NAAG).[2] According to the NAAG, one of the model act's primary purposes is to facilitate the prosecution and conviction of "white collar" fences who often escape punishment because they never come into contact with stolen goods.[3] Commentary on the model act's counterpart to section 812.019(2) states:
The model, recognizing the sophisticated nature of organized crime, extends not only to a person who "traffics in" stolen property, but to one who "initiates, organizes, plans, finances, directs, manages or supervises" the theft or trafficking. This is directed at the person who, although he may be responsible for a theft or a fencing operation, has no direct contact with the property. He is therefore insulated from the prosecution under most present laws.

The penalties are higher for a person who organizes or directs the fencing operation than for the person who merely traffics in stolen property. This differential is in accord with the economic realities of major fencing operations. The penalties are graded according to the offender's role, but not *234 according to the value of the property involved.
National Association of Attorneys General, Legislative Responses to Dealing in Stolen Goods (1975) (emphasis added).[4] It thus appears that the "remedial goal" of section 812.019(2) is to discourage organized theft by imposing a harsher penalty on the individual who actually organizes thefts and traffics in stolen goods than on the common thief who simply steals and then sells those goods.
To adopt the view of the state and the district court of appeal would permit a thief who steals and sells a $25 petit theft item to be convicted and sentenced for a first-degree felony on the same basis as a major fencing operation organizer. In light of the model act's carefully graduated penalties and commentary, and the legislative history, such a result could not have been the reasonable intent of the legislature. We conclude that an individual who steals and traffics in only his own stolen goods is subject to theft and trafficking charges under sections 812.014 and 812.019(1), but may not be charged with "organizing" under section 812.019(2).
In the instant case, Goddard went to trial charged only with a section 812.019(2) violation. Apparently, the prosecutor, defense counsel, and trial judge were not aware that a section 812.019(2) charge necessarily includes the offense of trafficking in stolen property under section 812.019(1). See Fla. Std. Jury Instr. in Crim. Cases 257, 266 (S.Ct.Comm. 1981). An offense is deemed "necessarily included" in the offense charged when the greater offense cannot be committed without necessarily committing the lesser offense.
Although under the facts of this case Goddard could not be properly convicted for violation of section 812.019(2), the record reveals that the elements have been fully established for a conviction under the necessarily included offense of trafficking in stolen goods, proscribed by section 812.019(1). Reduction of an offense to a necessarily included offense by an appellate court is consistent with the authority of a trial judge to consider the sufficiency of the evidence upon a motion for a new trial. In that circumstance, if the trial court finds the evidence does not sustain the verdict for the offense charged but does sustain a finding of guilt of an offense necessarily included, the trial court must adjudge the defendant guilty of the necessarily included offense.[5] Absent prejudicial error, a new trial is not required because the defendant has been afforded fair notice of the charge against him and the opportunity to prepare an adequate defense. There is no prejudice because, in defending against the greater offense, which encompasses each element of the lesser offense, the defendant has inevitably defended against the necessarily included offense.
We summarily reject Goddard's contention that the giving of the Allen charge was error. We also find no error on the part of the trial court in the reinstruction of the jury on the offense charged together with the "theft" definition. We quash the decision of the district court of appeal and remand with directions to remand to the trial court for resentencing under section 812.019(1) in accordance with the views expressed in this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, EHRLICH and SHAW, JJ., concur.
ALDERMAN, J., dissents with an opinion, in which McDONALD, J., concurs.
ALDERMAN, Justice, dissenting.
I would approve the decision of the district court of appeal, and, based upon the unambiguous language of section 812.019(2), I would hold that this statute is *235 intended to apply to the common thief who also traffics in the goods which he has stolen. Like the district court, I conclude that "one who actually commits a theft also, at least, initiates and plans it." Goddard v. State, 438 So.2d 110, 111 (Fla. 1st DCA 1983).
McDONALD, J., concurs.
NOTES
[1] We have jurisdiction, article V, section 3(b)(4), Florida Constitution.
[2] The house bill summary explains that the bill is "an adaptation of the Model Theft and Fencing Act ... found in the Michigan Law Review [Blakey & Goldsmith, Criminal Distribution of Stolen Property, 74 Mich.L.Rev. 1511 (1976)]." Summary on House Bill 2149, 1977 Florida Laws. Prior to publication in the law review, the act was submitted for review to the Committee on the Office of the Attorney General.
[3] For example, prior to the adoption of the Anti-Fencing Act in 1977, Florida's larceny statute proscribed the stealing and receiving of stolen goods, but did not expressly encompass the arrangement of thefts or the selling of stolen goods. See § 812.011 et seq., Fla. Stat. (1976).
[4] This publication is available in the Florida Legislative Library, Q814/N3.
[5] Fla.R.Crim.P. 3.620. Rule 3.620 is substantially the same as former section 920.06, Florida Statutes (1969), which was repealed by chapter 70-339, section 180, Laws of Florida, as having been superseded by the rule.