The Honorable L.J. "Lu" Hindery Sheriff of Alachua County Post Office Box 1210 Gainesville, Florida 32602
Dear Sheriff Hindery:
You ask substantially the following questions:
 1. Whether the provisions of Part VI, Ch. 468, F.S., require a licensed auctioneer to conduct a sheriff's sale at auction of the following: surplus property pursuant to s. 274.06, F.S.; lost or abandoned property under s. 705.103, F.S.; unclaimed evidence under s. 705.105, F.S.; or forfeited property pursuant to s. 932.704(3)(a), F.S.?
 2. If the response to question one is no, are the provisions of s. 455.228, F.S., inapplicable to such an auction?
In sum:
 1. Section 468.383(2), F.S., specifically exempts "sales required by law to be at auction" from Part VI, Ch. 468, F.S. The sheriff's sale at auction of tangible personal property under ss. 274.06, 705.103, 705.105, and 932.704(3)(a), F.S., are prescribed by law to be at auction and, therefore, are exempt from the requirements of the act.
 2. The penalty and procedure provisions of s. 455.228, F.S., do not apply to any sheriff's sale at auction conducted under the statutory authority of ss. 274.06, 705.103, 705.105, or 932.704(3)(a), F.S.
QUESTION ONE
Part VI, Ch. 468, F.S., creates the Florida Board of Auctioneers within the Department of Professional Regulation.[1] The act states that "[n]o person shall auction or offer to auction any property in this state unless he is licensed by the department or is exempt from licensure under this act."[2]
Exemptions from the requirements of the act are set forth in s.468.383, F.S., and include "[a]uctions conducted under a judicial or an administrative order, or sales required by law to be at auction."[3] (e.s.) Review of the staff analysis of the committee on regulatory reform and tapes of the committee meetings on this statute do not clarify or modify the phrase "sale required by law to be at auction."[4]
Thus, the issue presented is whether a sheriff's sale of tangible personal property at auction pursuant to ss. 274.06, 705.103,705.105, or 939.704(3)(a), F.S., is a "sale required by law to be at auction" and exempt from Part VI, Ch. 468, F.S.
Chapter 274, F.S., deals generally with tangible personal property which is owned by local governments.[5] Requirements are included in this chapter for making records of and maintaining an inventory of property,[6] property supervision and control,[7] property acquisition,[8] and the disposal of certain surplus property.[9]
Section 274.06, F.S., provides in part that:
 Having consideration for the best interests of the county or district, a governmental unit's property that is obsolete or the continued use of which is uneconomical or inefficient, or which serves no useful function, which property is not otherwise lawfully disposed of, may be disposed of for value to any person, or may be disposed of for value without bids to the state, to any governmental unit, or to any political subdivision as defined in s. 1.01, or if the property is without commercial value it may be donated, destroyed, or abandoned. The determination of property to be disposed of by a governmental unit pursuant to this section instead of pursuant to other provisions of law shall be at the election of such governmental unit in the reasonable exercise of its discretion. Property, the value of which the governmental unit estimates to be between $100 and $200, shall be sold only to the highest responsible bidder after a request for at least three bids, or by public auction. Any sale of property the value of which the governmental unit estimates to be $200 or more shall be sold only to the highest responsible bidder, or by public auction . . . provided that nothing herein contained shall be construed to require the sheriff of a county to advertise the sale of miscellaneous contraband of an estimated value of less than $200.
The statute thus provides alternative methods for the disposal of surplus property, one of which is the auction of such property. The existence within s. 274.06, F.S., of options for disposing of this property, however, does not alter the fact that an auction pursuant to s. 274.06, F.S., is a "sale required by law to be at auction." Therefore, an auction by a governmental unit of surplus property pursuant to s. 274.06, F.S., would be exempted from the requirements of Part VI, Ch. 468, F.S., by s. 468.383(2), F.S.
Chapter 705, F.S., relates to lost or abandoned property and provides procedures for reporting such property,[10] providing notice of the finding of such property to its owner,[11]
disposition of lost or abandoned property,[12] and securing title to such property.[13] Specific procedures are also established for dealing with unclaimed evidence.[14]
Section 705.103(2)(b)2., F.S., provides that a law enforcement agency[15] which elects to sell lost or abandoned property[16] must do so "at public sale by competitive bidding."[17] Although the statute does not use the term "auction" with regard to such a sale, an examination of the legislative history of this statute indicates that the sale authorized therein is to be "at public auction after notice published once a week for two weeks."[18] In construing a statute the primary purpose is to give effect to the intention of the Legislature. First resort in interpreting statutes is to the language of the statute itself. However, when the language itself is unclear, the legislative history may be consulted for the purpose of determining the legislative intent.[19]
In light of the assumption by the legislative committee drafting and reviewing this legislation that a public auction was contemplated by the statutory language, it would appear that the sale of lost or abandoned property pursuant to s. 705.103, F.S., would be a "sale required by law to be at auction" and would not be subject to the provisions of Part VI, Ch. 468, F.S.
With regard to the procedure for disposing of unclaimed evidence as provided in s. 705.105, F.S., the statute authorizes the law enforcement agency which has title to such property to "[s]ell the property at public sale, pursuant to the provisions of s.705.103."[20] Based on my analysis of s. 705.103, F.S., supra, the provisions of Part VI, Ch. 468, F.S., do not apply to an auction conducted pursuant to s. 705.105, F.S.
Sections 932.701-932.704, F.S., the "Florida Contraband Forfeiture Act," authorize the seizure and forfeiture of any contraband article[21] and any vessel, motor vehicle, or aircraft used "to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of a contraband article. . . ."[22]
Pursuant to s. 932.704(3)(a), F.S., if the head of a law enforcement agency which has effected a forfeiture determines that it is necessary or expedient to sell the property rather than to retain it, or if the property is subject to a lien which has been preserved by the court, he or she may (after providing notice) dispose of the property "at public auction to the highest bidder. . . ."[23]
The procedure set forth in s. 932.704(3)(a), F.S., for the sale of forfeited contraband, motor vehicles, aircraft or other personal property is clearly a "sale[s] required by law to be at auction" and, therefore, exempt from Part VI, Ch. 468, F.S., pursuant to s.468.383(2), F.S.
In sum, it is my opinion that s. 468.383(2), F.S., exempts from application of Part VI, Ch. 468, F.S., a sheriff's sale at auction of surplus property pursuant to s. 274.06, F.S., lost or abandoned property under s. 705.103, F.S., unclaimed evidence as provided in s. 705.105, F.S., or forfeited property pursuant to s.932.704(3)(a), F.S., as such sales are "required by law to be at auction."
QUESTION TWO
You also ask whether the penalty and procedure provisions of s.455.228, F.S., apply to a sheriff's sale at auction conducted under the statutory authority of ss. 274.06, 705.103, 705.105, or932.704(3)(a), F.S.
Section 455.228(1), F.S., provides that:
 When the department has probable cause to believe that any person not licensed by the department or the appropriate regulatory board within the department has violated any provision of this chapter or any statute that relates to the practice of a profession regulated by the department, or any rule adopted pursuant thereto, the department may issue and deliver to such person a notice to cease and desist from such violation. In addition, the department may issue and deliver a notice to cease and desist to any person who aids and abets the unlicensed practice of a profession by employing such unlicensed person. For the purpose of enforcing a cease and desist order, the department may file a proceeding in the name of the state seeking issuance of an injunction or a writ of mandamus against any person who violates any provisions of such order.
Further, the department may, in addition to or in lieu of the remedies provided in subsection (1), supra, seek imposition of a civil penalty of no less than $500 and no more than $5,000. Court costs and attorney fees may also be awarded to the prevailing party and, in the event that the Department of Professional Regulation prevails, the court may also award the reasonable costs of investigation.[24]
Section 455.228(3), F.S., specifically provides that "[t]he provisions of this section only apply to the professional practice acts administered by the Department of Professional Regulation." The actions described in the instant inquiry are exempted by s.468.383(3), F.S., from regulation by the Department of Professional Regulation under Part VI, Ch. 468, F.S. You have not brought to my attention nor am I aware of any other professional practice act administered by the Department of Professional Regulation which would apply to these circumstances.
In the absence of any regulation of these activities by the Department of Professional Regulation, I cannot conclude that s.455.228, F.S., would apply to a sheriff's sale at auction of surplus property pursuant to s. 274.06, F.S., lost or abandoned property under s. 705.103, F.S., unclaimed evidence as provided in s. 705.105, F.S., or forfeited property pursuant to s.932.704(3)(a), F.S.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Section 468.384(1), F.S. And see, s. 468.384(2), F.S., which authorizes the board to "adopt such rules, not inconsistent with law, as may be necessary to carry out the duties and authority conferred upon the board by this act and as may be necessary to protect the health, safety, and welfare of the public."
[2] Section 468.385(2), F.S. And see, s. 468.391, F.S., which states in part that any auctioneer, apprentice, or auction business who operates without a license is guilty of a third degree felony.
[3] Section 468.383(2), F.S.
[4] See, staff analysis of CS/CS/Eng. HB 4, dated 6/17/86, Committee on Regulatory Reform, Florida House of Representatives; audio tape of Professional Regulation Subcommittee meeting of 10/9/85 on HB 4, Florida House of Representatives; audio tape of Committee on Regulatory Reform meeting of 11/6/85 on HB 4, Florida House of Representatives.
[5] Section 274.01(3), F.S., defines "[p]roperty" as "all tangible personal property, owned by a governmental unit, of a nonconsumable nature." A "[g]overnmental unit" is defined in s.274.01(1), F.S., to mean "the governing board, commission or authority of a county or taxing district of the state or the sheriff of the county."
[6] Section 274.02, F.S.
[7] Section 274.03, F.S.
[8] Section 274.04, F.S.
[9] Section 274.05, F.S.
[10] Section 705.102, F.S.
[11] Section 705.103, F.S.
[12] Id.
[13] Section 705.104, F.S.
[14] Section 705.105, F.S.
[15] Section 705.101(4), F.S., defines a "[l]aw enforcement officer" to include "any person who is elected, appointed, or employed full time by any sheriff. . . ."
[16] Section 705.101(2), F.S., states that "[l]ost property" means "all tangible personal property which does not have an identifiable owner and which has been mislaid on public property, upon a public conveyance, on premises used at the time for business purposes, or in parks, places of amusement, public recreation areas, or other places open to the public in a substantially operable, functioning condition or which has an apparent intrinsic value to the rightful owner."
[17] Section 705.103(2)(b)2., F.S., also requires and describes the notice which must be provided prior to such a public sale and where the sale must be held. And see, s. 705.103(3), F.S., prescribing the disposition of proceeds of the sale.
[18] CS/HB 516, staff analysis dated May 5, 1987, Committee on Judiciary, Florida House of Representatives.
[19] See, City of St. Petersburg v. Siebold, 48 So.2d 291
(Fla. 1950); People's Bank of Jacksonville v. Arbuckle, 90 So. 458
(Fla. 1921).
[20] Section 705.105(1)(a)4., F.S.
[21] Section 932.701(2), F.S., defines a "contraband article" as:
 (a) Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange which has been, is being, or is intended to be used in violation of any provision of chapter 893. (b) Any gambling paraphernalia, lottery tickets, money, and currency used or intended to be used in the violation of the gambling laws of the state. (c) Any equipment, liquid or solid, which is being used or intended to be used in violation of the beverage or tobacco laws of the state. (d) Any motor fuel upon which the motor fuel tax has not been paid as required by law. (e) Any personal property, including, but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.
[22] Section 932.703(1), F.S.
[23] Goddard v. State, 438 So.2d 110 (1 D.C.A.Fla., 1983) (Where the language of a statute is plain, resort to rules of statutory construction and interpretation is unnecessary to ascertain the legislative intent as the Legislature is held to have intended that which is plainly expressed.) See also, State v. Egan,287 So.2d 1 (Fla. 1973) (Where the legislative intent as evidenced by a statute is plain and unambiguous, there is no necessity for any construction or interpretation of the statute and effect need only be given to the plain meaning of its terms.)
[24] Section 455.228(2), F.S.