The Honorable Mary W. Morgan Supervisor of Elections Collier County Collier Government Complex 3301 Tamiami Trail East Naples, Florida 33962
Dear Ms. Morgan:
As Supervisor of Elections of Collier County, you have asked substantially the following question:
 Is the imposition of impact fees a levy of taxes so that a referendum on the imposition of such fees could not be conducted by mail ballot election pursuant to s. 101.6102, F.S., as amended by s. 1, Ch. 89-52, and s. 27, Ch. 89-338, Laws of Florida?
In sum:
 The imposition of impact fees is not a levy of taxes. Therefore, a referendum on the imposition of impact fees may be conducted by mail ballot election pursuant to s. 101.6102, F.S., as amended.
According to your letter, the Legislature has authorized several independent fire districts to collect impact fees for capital improvements on new construction within these districts. However, such fees may not be assessed and collected until after a referendum of registered voters of the district voting in favor of such a plan. You would like to conduct the referendum by mail ballot election pursuant to s. 101.6102, F.S., as amended, but are not sure whether the imposition of impact fees may fall within the prohibition in s. 101.6102, F.S., against holding a referendum by mail "to approve the levy of taxes. . . ."
I would note at the outset that you have not asked whether the charges authorized by this special legislation are impact fees. The Legislature has designated these fees as impact fees and I must assume that such designation is valid.[1]
Pursuant to s. 101.6102, F.S., as amended, an election may be conducted by mail ballot if the election is a referendum election in which all or a portion of the qualified voters of one of the following subdivisions of government are the only electors eligible to vote: counties; cities; school districts limited to one county; or special districts covering no more than one county.[2]
In addition, an annexation referendum which includes only qualified electors of one county may also be conducted by a mail ballot election.[3] The governing body responsible for calling the election and the supervisor of elections who is responsible for conducting the election must authorize the use of mail ballots for the election.[4]
The statute specifies certain elections which may not be conducted by mail ballot:
 (a) An election at which any candidate is nominated, elected, retained, or recalled;
 (b) An election held on the same date as another election, other than a mail ballot election, in which the qualified electors of that political subdivision are eligible to cast ballots; or
 (c) Any referendum to approve the levy of taxes or the issuance of bonds.[5] (e.s.)
Thus, in order to conduct such a referendum by mail election, a referendum on the imposition of impact fees by a governmental entity cannot be a referendum to approve the levy of taxes.
In City of Dunedin v. Contractors and Builders Association of Pinellas County, 312 So.2d 763 (2 D.C.A.Fla., 1975), the Second District Court of Appeal held that an impact fee did not constitute taxes but was a charge for using utility services.
In the Dunedin case, the city passed certain ordinances which imposed a fee for each water connection and another fee for each sewer connection to defray the cost of production, distribution, transmission, and treatment facilities for water and sewer provided at the expense of the city. These fees were in addition to charges imposed for the cost of physically connecting into the system. The court considered whether the impact fees imposed by the ordinance were taxes or special assessments stating:
 The imposition of fees for the use of a municipal utility system is not an exercise of the taxing power nor is it the levy of a special assessment. [citations omitted] In our view, connection fees such as those involved in this case do not constitute a tax but a charge which may be made for the use of the utility service pursuant to the authority of its charter and Fla.Stat. s. 180.13 (1971), providing they meet the criteria hereafter set forth. . . .[6]
On appeal to The Supreme Court of Florida, that court affirmed the lower court's rejection of the contention that the impact fees were taxes and held that they were user charges.[7] In making this determination, the court considered the nature of such fees:
 The avowed purpose of the ordinance in the present case is to raise money in order to expand the water and sewerage systems, so as to meet the increased demand which additional connections to the system create. The municipality seeks to shift to the user expenses incurred on his account. . . . (emphasis in the original)[8]
It is also the opinion of the Attorney General's Office that impact fees are not taxes but are in the nature of user charges.[9]
Thus, in AGO 76-137, involving the imposition of an impact fee for the construction of municipal water and sewer facilities, this office stated "there is little doubt that the fee imposed (by city ordinance) is not a tax or a special assessment but is a valid imposition of an `impact fee' or user charge for the privilege of connecting to the city's water and sewer system. . . ." Therefore, a referendum on the imposition of impact fees may be conducted by mail ballot election pursuant to s. 101.6102, F.S., as amended, since such a referendum would not be held "to approve the levy of taxes. . . ."
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] See, Van Pelt v. Hilliard, 78 So. 693, 694 (Fla. 1918) ("The Legislature must be understood to mean what it has plainly expressed, and this excludes construction."); and Goddard v. State, 438 So.2d 110 (1 D.C.A.Fla., 1983) (Where the language of the statute is plain, resort to rules of statutory interpretation is unnecessary to ascertain intent as the Legislature is held to have intended that which is plainly expressed.)
[2] Section 101.6102(1)(a)1.-4., F.S. And see, s. 1, Ch. 89-52, Laws of Florida, which creates s. 101.6102(5), F.S., providing that nothing in the statute prohibits the use of a mail ballot election in a municipal annexation referendum requiring separate vote of the registered electors of the annexing municipality and of the area proposed to be annexed.
[3] Section 101.6102(1)(b), F.S., as amended by s. 27, Ch. 89-338, Laws of Florida, effective January 1, 1990.
[4] Section 101.6102(1)(c), F.S.
[5] Section 101.6102(2)(a)-(c), F.S.
[6] 312 So.2d at 766.
[7] Contractors and Builders Association of Pinellas County v. City of Dunedin, 329 So.2d 314 (Fla. 1976), petition for cert. denied, 444 U.S. 867 (1979), in which the Court held that the imposition of fees for connection with the utility did not constitute taxation but reversed the Second District Court of Appeal's decision on other grounds.
[8] 329 So.2d at 318. Cf., Loxahatchee River Environmental Control District v. School Board of Palm Beach County, 496 So.2d 930 (4 D.C.A.Fla., 1986), approved, 515 So.2d 217 (Fla. 1987), in which the court determined that certain service availability standby charges were within the definition of impact or service availability fees established by the State Department of Education.
[9] See, AGO's 76-137, 82-9, and 85-101.