IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

EVERLY SCOTT LIPPWE,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-3423

_____/

Opinion filed December 9, 2014.

An appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

Melissa J. Ford, Assistant Conflict Counsel, Office of Criminal Conflict and Civil
Regional Counsel, Region One, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Giselle Denise Lylen, Assistant Attorney
General, Tallahassee, for Appellee.

WOLF, J.

     Pursuant to Goddard v. State, 458 So. 2d 230 (Fla. 1984), the trial court

fundamentally erred in convicting appellant of two counts of organized trafficking

pursuant to section 812.019(2), Florida Statutes (2011), when the evidence showed

that appellant directly participated in the theft and sale of the same stolen property.

"[A]n individual who steals and traffics in only his own stolen goods is subject to

theft and trafficking charges under sections 812.014 and 812.019(1), but may not be charged with 'organizing' under section 812.019(2)." Goddard, 458 So. 2d at 234. The judgment and sentence is reversed and remanded as to the two counts on appeal for imposition of the lesser included offense of trafficking pursuant to section 812.019(1), and for resentencing. See id. at 234.

On remand, the trial court will have an opportunity to re-impose costs and fees. We remind the trial court that fines imposed pursuant to section 775.083, Florida Statutes (2011), are discretionary and must be separately and orally pronounced at sentencing. See Nix v. State, 84 So. 3d 424 (Fla. 1st DCA 2012). We also point out that "investigative fees" that are not "costs for the state attorney" are imposed pursuant to subsection 938.27(1), Florida Statutes (2011), not subsection (8), and must be requested on the record by the appropriate agency. Finally, we point out that section 28.37(2), Florida Statutes (2011), does not itself authorize the imposition of a 10% fee. Rather, it directs that 10% of any fines imposed be directed to the Public Records Modernization Trust Fund. Any confusion could be remedied if the clerk ensured that amounts directed to the fund are properly labeled as being imposed "pursuant to" the appropriate statute, in this case, section 775.083.

REVERSED and REMANDED with instructions.

BENTON and MAKAR, JJ., CONCUR.

2