DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LANIQUE LIVINGSTONE WOODS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1647

[September 11, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 562020CF001100BXXX.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Lanique Livingstone Woods appeals her felony conviction for trafficking in phenethylamines and the costs which the circuit court imposed at sentencing. We affirm the conviction without comment. As to the costs, we affirm in part, reverse in part, and remand for further proceedings.

Specifically, Woods argues that the circuit court impermissibly awarded (1) a prosecution cost greater than the statutory amount, (2) an investigation cost that no agency requested prior to trial, (3) court costs without identifying the statutory authority for the award, and (4) an extradition cost without sufficient proof by the State. We affirm the prosecution and extradition costs without further discussion. *Icon v. State*, 322 So. 3d 117, 119 (Fla. 4th DCA 2021) (citing *Ingalls v. State*, 304 So. 3d 21, 21 (Fla. 4th DCA 2020)). We discuss the investigation and court costs.

We first discuss the investigation cost. Section 938.27(1), Florida Statutes (2021), provides that convicted persons are liable for investigative

costs if the investigating agency requests such costs. The State may not request investigative costs on the agency's behalf without the agency's request. *See Taylor v. State*, 352 So. 3d 346, 349 (Fla. 4th DCA 2022) (citing *Lippwe v. State*, 152 So. 3d 782, 783 (Fla. 1st DCA 2014)). The State concedes no record evidence shows that the State or any agency requested investigative costs prior to the circuit court entering the final judgment. As a result, the $50 in investigative costs must be stricken from the judgment.

Next, we discuss the $418 in court costs included in the final judgment. The circuit court did not break down the statutory authority for the court costs, only stating that "[t]here are other court costs and fees . . . ." In a handwritten order from the sentencing hearing, a clerk checked a box stating "CF Costs: $418+$200+$50," but the document did not break down those cost amounts either.

Woods and the State agree that certain of the costs were required. For example, Woods and the State agree that under section 938.05(1)(a), Florida Statutes (2021), a trial court is required to assess court costs of $225 for a felony conviction. Other statutes are cited establishing authority for the mandatory imposition of an additional $123 in court costs. §§ 775.083(2), 938.03, 938.06(1), 938.19(2), Fla. Stat. (2021). But an additional $70 in court costs remains for which we are unsure as to the statutory basis.

As a result, we remand that issue to the circuit court for an evidentiary hearing to determine the statutory bases for the remaining $70 in court costs. *See Bartolone v. State*, 327 So. 3d 331, 336-37 (Fla. 4th DCA 2021); *Finkelstein v. State*, 944 So. 2d 1226, 1227 (Fla. 4th DCA 2006) ("We reverse the imposition of the additional fees, and remand for an evidentiary hearing to determine which costs are discretionary, as opposed to mandatory, and to determine whether there is a statutory basis for the imposition of such costs.").

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

GERBER and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2